# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *for the Western District of New York*

_____

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA** | **July 2025 GRAND JURY**<br>**(Impaneled July 25, 2025)** |
| *-vs-* | **INDICTMENT** |
| **JEFFREY FLEISCHER**<br>(Counts 1, 2, 4, 6, and 18)<br>**JOHNNY RAY McDUFFIE**<br>(Counts 1 and 3)<br>**REGINALD SEALS**<br>(Counts 1, 5, and 17)<br>**BLAINE WEBSTER**<br>(Counts 1, 7, 8, and 14)<br>**CRYSTAL VELEZ**<br>(Counts 1, and 9 through 13)<br>**ANTHONY ZORILLA a/k/a ANTHONY**<br>**VELAZQUEZ**<br>(Counts 1, 15, and 16) | **Violations:**<br>Title 18, United States Code,<br>Sections 1349, 1028A, and 2<br><br>(18 Counts and 6 Forfeiture Allegations) |

## <u>INTRODUCTION</u>

**The Grand Jury Charges That:**

At all times relevant to this Indictment:

### <u>The Defendants</u>

1.      Defendant **JEFFREY FLEISCHER** resided in or around Amherst, New York, within the Western District of New York.

2. Defendant **CRYSTAL VELEZ** resided in or around Buffalo, New York, within the Western District of New York.

3. Defendant **BLAINE WEBSTER** resided in or around Buffalo, New York, within the Western District of New York.

4. Defendant **REGINALD SEALS** resided in or around Buffalo, New York, within the Western District of New York.

5. Defendant **JOHNNY RAY McDUFFIE** resided in or around Buffalo, New York, within the Western District of New York.

6. Defendant **ANTHONY ZORILLA a/k/a Anthony Velazquez**, resided in or around Buffalo, New York, within the Western District of New York.

**The Financial Institutions**

7. Northwest Bank and Evans Bank were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

8. Good Neighbors Credit Union, ServU Credit Union, Sweet Home Federal Credit Union, Erie Federal Credit Union, Corning Credit Union, Greater Niagara Federal Credit Union, Cornerstone Community Federal Credit Union, and Highpoint Federal Credit

2

Union were credit unions with accounts insured by the National Credit Union Share Insurance Fund.

## COUNT 1

### (Conspiracy to Commit Bank Fraud)

### The Grand Jury Further Charges That:

9.      The allegations of the Introduction of this Indictment are re-alleged and incorporated herein.

10.      Beginning in or about August 2023, and continuing through in or about May 2024, in the Western District of New York, and elsewhere, the defendants, **JEFFREY FLEISCHER ("FLEISCHER")**, **JOHNNY RAY McDUFFIE ("McDUFFIE")**, **REGINALD SEALS ("SEALS")**, **BLAINE WEBSTER ("WEBSTER")**, **CRYSTAL VELEZ ("VELEZ")**, and **ANTHONY ZORILLA a/k/a ANTHONY VELAZQUEZ ("ZORILLA")** (collectively, the "defendants"), did knowingly and willfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to execute a scheme and artifice to defraud financial institutions and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

11.      The object of the conspiracy was to obtain funds from financial institutions by depositing stolen United States Treasury tax refund checks into bank accounts that members of the conspiracy had opened in other people's names using fraudulent identification

documents in those people's names, and then withdrawing the funds from those bank accounts.

12.     The manner and means used to accomplish the object of the conspiracy included, among others, the following:

a.     Members of the conspiracy would obtain stolen United States Treasury tax refund checks that were payable to other persons.

b.     Members of the conspiracy would open bank accounts in the names of the persons to whom the United States Treasury tax refund checks were payable using fraudulent identification they had created in the names of those persons.

c.     Members of the conspiracy would deposit the United States Treasury tax refund checks into the bank accounts they had fraudulently opened and subsequently withdraw or transfer the funds for their benefit.

**Acts in Furtherance of the Conspiracy**

13.     Members of the conspiracy committed the following acts, among others, in furtherance of the conspiracy.

14.     On or about August 4, 2023, **FLEISCHER** opened bank accounts at Northwest Bank in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim J.T., a person known to the Grand Jury, who resided in New York and was the owner of a limited liability company.   On or about August 11, 2023, **FLEISCHER** deposited into one of the accounts, a United States Treasury tax refund check in the amount of $53,404.36 that was made payable to Victim J.T.'s limited liability company.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

4

15.    On or about August 23, 2023, and on or about August 29, 2023, **McDUFFIE** opened bank accounts at Evans Bank in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim M.B., a person known to the Grand Jury, who resided in New Jersey and was the owner of a limited liability company. On or about August 30, 2023, **McDUFFIE** deposited into one of the accounts, a United States Treasury tax refund check in the amount of $144,126.39 that was made payable to Victim M.B.'s limited liability company. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

16.    On or about September 11, 2023, a member of the conspiracy opened bank accounts at Northwest Bank in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim P.S., a person known to the Grand Jury, who resided in Florida. On or about September 13, 2023, a member of the conspiracy deposited into one of the accounts, a United States Treasury tax refund check in the amount of $185,892.76 that was made payable to Victim P.S. Thereafter, members of the conspiracy withdraw or transferred the funds for their benefit.

17.    On or about September 26, 2023, **FLEISCHER** opened a bank account at Good Neighbors Credit Union in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim G.Z., a person known to the Grand Jury, who resided in New Jersey and was the owner of a maintenance services company. On or about September 27, 2023, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $43,367.40 that was made payable to Victim G.Z.'s

5

maintenance services company.  On or about October 6, 2023, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $43,308.48 that was made payable to Victim G.Z.'s maintenance services company. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

18.    On or about November 14, 2023, **SEALS** opened a bank account at Good Neighbors Credit Union in Buffalo, New York, utilizing a fraudulent identification document in the name of a Victim S.H., a person known to the Grand Jury, who resides in Virginia.  On or about December 11, 2023, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $20,676.05 that had been altered to state it was payable to Victim S.H., when in fact it was payable to Victim Business 1, a maintenance services business based in New York City.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

19.    On or about November 16, 2023, **FLEISCHER** opened a bank account at ServU Credit Union in Painted Post, New York, utilizing a fraudulent identification document in the name of Victim R.P., a person known to the Grand Jury, who resided in New Jersey and who was the owner of a limited liability company.  On or about November 20, 2023, **FLEISCHER** deposited into the account a United States Treasury tax refund check in the amount of $39,710.83 that was made payable to Victim R.P.'s limited liability company.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

20.     On or about December 20, 2023, **WEBSTER** opened a bank account at Good Neighbors Credit Union in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim J.F., a person known to the Grand Jury, who resided in Connecticut. On or about December 21, 2023, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $25,978.32 that was made payable to Victim Business 2, a financial services business based in the New York City area. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

21.     On or about December 27, 2023, **WEBSTER** opened another bank account at Good Neighbors Credit Union in Buffalo, New York, utilizing the same fraudulent identification document in the name of Victim J.F.  On or about December 29, 2023, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $127,259.88 made payable to a trust in the name of Victim J.F. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

22.     On or about January 20, 2024, **VELEZ** opened a bank account at Good Neighbors Credit Union in Buffalo, New York, utilizing a fraudulent identification document in the name of Victim C.G., a person known to the Grand Jury, who resided in Florida and was employed by Victim Business 3, a home health care provider based in Winter Haven, Florida.  On or about January 22, 2024, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $195,142.92 that was made payable to Victim Business 3.

23. On or about February 2, 2024, **VELEZ** opened a bank account at Sweet Home Federal Credit Union in Amherst, New York, utilizing a fraudulent identification document in the name of Victim L.Z., a person known to the Grand Jury, who resided in New York. On or about February 9, 2024, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $62,067.58 that was made payable to Victim L.Z. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

24. On or about February 26, 2024, **VELEZ** opened a bank account at Erie Federal Credit Union in Erie, Pennsylvania, utilizing a fraudulent identification document in the name of Victim H.L., a person known to the Grand Jury, who resided in New York. On or about March 1, 2024, **VELEZ** deposited into the account a United States Treasury tax refund check in the amount of $159,281.24 that was made payable to Victim H.L. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

25. On or about March 18, 2024, **VELEZ** opened a bank account at Corning Credit Union in Corning, New York, utilizing a fraudulent identification document in the name of Victim S.R., a person known to the Grand Jury, who resided in New York. On or about March 21, 2024, **VELEZ** deposited into the account a United States Treasury tax refund check in the amount of $60,960.18 that was made payable to Victim S.R. Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

26.    On or about March 27, 2024, **VELEZ** opened a bank account at Greater Niagara Federal Credit Union in Niagara Falls, New York, utilizing a fraudulent identification document in the name of Victim L.F., a person known to the Grand Jury, who resided in Portland, Oregon.  On or about March 29, 2024, a member of the conspiracy deposited into the account a United States Treasury tax refund check in the amount of $40,117.51 that was made payable to Victim L.F.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

27.    On or about May 6, 2024, **WEBSTER** opened a bank account at Greater Niagara Federal Credit Union in Niagara Falls, New York, utilizing a fraudulent identification document in the name of Victim J.S., a person known to the Grand Jury, who resided in New York.  On or about May 9, 2024, **FLEISCHER** and **WEBSTER** drove to the Greater Niagara Federal Credit Union branch in Niagara Falls, New York, and **WEBSTER** attempted to obtain a debit card for the account.

28.    On or about May 7, 2024, **ZORILLA** opened a bank account at Cornerstone Community Federal Credit Union in Getzville, New York, utilizing a fraudulent identification document in the name of Victim R.B., a person known to the Grand Jury, who resided in New York.

29.    On or about May 8, 2024, **ZORILLA** opened a bank account at Corning Federal Credit Union in Corning, New York, utilizing a fraudulent identification document in the name of Victim R.B.  On or about May 15, 2024, **ZORILLA** deposited into the account a United States Treasury tax refund check in the amount of $63,160.74 that was made payable

to Victim R.B.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

30.    On or about May 29, 2024, **SEALS** opened a bank account at High Point Federal Credit Union in Olean, New York, utilizing a fraudulent identification document in the name of Victim J.S.  On or about May 31, 2024, **SEALS** deposited into the account a United States Treasury tax refund check in the amount of $54,821.14 that was made payable to Victim J.S.  Thereafter, members of the conspiracy withdrew or transferred the funds for their benefit.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNT 2

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.    The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.    On or about August 4, 2023, in the Western District of New York, defendant **JEFFREY FLEISCHER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim J.T., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

10

## COUNT 3

### (Aggravated Identity Theft)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      From or about August 23, 2023, through and including on or about August 29, 2023, in the Western District of New York, defendant **JOHNNY RAY McDUFFIE** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim M.B., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 4

### (Aggravated Identity Theft)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about September 26, 2023, in the Western District of New York, defendant **JEFFREY FLEISCHER** did knowingly transfer, possess, and use, without lawful

11

authority, the means of identification of another person, that is, Victim G.Z., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 5

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about November 14, 2023, in the Western District of New York, defendant **REGINALD SEALS** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim S.H., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

12

## COUNT 6

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about November 16, 2023, in the Western District of New York, defendant **JEFFREY FLEISCHER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim R.P., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 7

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about December 20, 2023, in the Western District of New York, defendant **BLAINE WEBSTER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim J.F., a person known

to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 8

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about December 27, 2023, in the Western District of New York, defendant **BLAINE WEBSTER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim J.F., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2**

14

## COUNT 9

### (Aggravated Identity Theft)

### The Grand Jury Further Charges That:

1.     The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.     On or about January 20, 2024, in the Western District of New York, defendant **CRYSTAL VELEZ** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim C.G., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 10

### (Aggravated Identity Theft)

### The Grand Jury Further Charges That:

1.     The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.     On or about February 2, 2024, in the Western District of New York, defendant **CRYSTAL VELEZ** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim L.Z., a person known to the Grand

Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 11

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about February 26, 2024, in the Western District of New York, defendant **CRYSTAL VELEZ** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim H.L., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

16

## COUNT 12

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about March 18, 2024, in the Western District of New York, defendant **CRYSTAL VELEZ** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim S.R., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 13

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about March 27, 2024, in the Western District of New York, defendant **CRYSTAL VELEZ** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim L.F., a person known to the Grand

Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 14

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about May 6, 2024, in the Western District of New York, defendant **BLAINE WEBSTER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim J.S., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

18

## COUNT 15

### (Aggravated Identity Theft)

### The Grand Jury Further Charges That:

1. The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2. On or about May 7, 2024, in the Western District of New York, defendant **ANTHONY ZORILLA** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim R.B., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 16

### (Aggravated Identity Theft)

### The Grand Jury Further Charges That:

1. The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2. On or about May 8, 2024, in the Western District of New York, defendant **ANTHONY ZORILLA** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim R.B., a person known to the

Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

## COUNT 17

**(Aggravated Identity Theft)**

**The Grand Jury Further Charges That:**

1.     The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.     On or about May 9, 2024, in the Western District of New York, defendant **JEFFREY FLEISCHER** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim R.P., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

20

## COUNT 18

### (Aggravated Identity Theft)

### The Grand Jury Further Charges That:

1.      The allegations in the Introduction and in Count 1 are incorporated by reference herein.

2.      On or about May 29, 2024, in the Western District of New York, defendant **REGINALD SEALS** did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Victim J.S., a person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to an actual other person.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

### FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges that:

Upon conviction of Count 1 of this Indictment, the defendant, **JEFFREY FLEISCHER**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

### MONETARY AMOUNT

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **JEFFREY FLEISCHER** is charged.  In the event that the above sum is not

available, then a forfeiture money judgment for the same amount will be entered against **JEFFREY FLEISCHER.**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence,

    (b)    has been transferred or sold to, or deposited with, a third person,

    (c)    has been placed beyond the jurisdiction of the Court,

    (d)    has been substantially diminished in value, or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

## SECOND FORFEITURE ALLEGATION

**The Grand Jury Further Alleges that:**

Upon conviction of Count 1 of this Indictment, the defendant, **JOHNNY RAY McDUFFIE**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

**MONETARY AMOUNT**

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **JOHNNY RAY McDUFFIE** is charged. In the event that the above sum is not available, then a forfeiture money judgment for the same amount will be entered against **JOHNNY RAY McDUFFIE.**

22

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence,

    (b)    has been transferred or sold to, or deposited with, a third person,

    (c)    has been placed beyond the jurisdiction of the Court,

    (d)    has been substantially diminished in value, or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

## THIRD FORFEITURE ALLEGATION

**The Grand Jury Further Alleges that:**

Upon conviction of Count 1 of this Indictment, the defendant, **REGINALD SEALS**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

**MONETARY AMOUNT**

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **REGINALD SEALS** is charged.  In the event that the above sum is not available, then a forfeiture money judgment for the same amount will be entered against **REGINALD SEALS.**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence,

(b)      has been transferred or sold to, or deposited with, a third person,

(c)      has been placed beyond the jurisdiction of the Court,

(d)      has been substantially diminished in value, or

(e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

## FOURTH FORFEITURE ALLEGATION

### The Grand Jury Further Alleges that:

Upon conviction of Count 1 of this Indictment, the defendant, **BLAINE WEBSTER**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

### MONETARY AMOUNT

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **BLAINE WEBSTER** is charged.  In the event that the above sum is not available, then a forfeiture money judgment for the same amount will be entered against **BLAINE WEBSTER.**

24

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence,

(b)    has been transferred or sold to, or deposited with, a third person,

(c)    has been placed beyond the jurisdiction of the Court,

(d)    has been substantially diminished in value, or

(e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

## FIFTH FORFEITURE ALLEGATION

**The Grand Jury Further Alleges that:**

Upon conviction of Count 1 of this Indictment, the defendant, **CRYSTAL VELEZ**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

### MONETARY AMOUNT

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **CRYSTAL VELEZ** is charged. In the event that the above sum is not available, then a forfeiture money judgment for the same amount will be entered against **CRYSTAL VELEZ.**

25

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(f)      cannot be located upon the exercise of due diligence,

(g)      has been transferred or sold to, or deposited with, a third person,

(h)      has been placed beyond the jurisdiction of the Court,

(i)      has been substantially diminished in value, or

(j)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

## SIXTH FORFEITURE ALLEGATION

**The Grand Jury Further Alleges that:**

Upon conviction of Count 1 of this Indictment, the defendant, **ANTHONY ZORILLA a/k/a ANTHONY VELAZQUEZ**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, including, but not limited to:

**MONETARY AMOUNT**

An amount to be determined by the Court, which sum of money is equal to the total amount of proceeds obtained as a result of the offense for which **ANTHONY ZORILLA a/k/a ANTHONY VELAZQUEZ** is charged. In the event that the above sum is not available, then a forfeiture money judgment for the same amount will be entered against **ANTHONY ZORILLA a/k/a ANTHONY VELAZQUEZ.**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence,

(b)   has been transferred or sold to, or deposited with, a third person,

(c)   has been placed beyond the jurisdiction of the Court,

(d)   has been substantially diminished in value, or

(e)   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

DATED:   Buffalo, New York, December 3, 2025

MICHAEL DIGIACOMO
United States Attorney

BY:   S/PAUL E. BONANNO
PAUL E. BONANNO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5873
Paul.Bonanno@usdoj.gov

A TRUE BILL:

S/FOREPERSON
FOREPERSON

27